NOT DESIGNATED FOR PUBLICATION

No. 119,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRELEN S. VONFANGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed August 9, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Brelen S. VonFange appeals his conviction of aggravated battery, claiming the district court improperly admitted hearsay testimony by a detective about VonFange's identification. Finding no error, we affirm.

*Factual and Procedural Background*

In February 2017, John Humbolt and his 83-year-old father Garland Humbolt were involved in an altercation in the Dillons parking lot in Sedgwick County. The two of

1

them exchanged words with a woman after she cut in front of them while driving. John testified that the woman yelled at and threatened Garland five or six times. Eventually, John told his dad "to get away from the effing bitch" and the woman began calling someone on her cell phone.

John and Garland then entered the Dillons store and saw the woman again once they finished their grocery shopping. While in the checkout line they noticed the woman pointing at them and speaking to several men. Two men approached them while a third recorded a video on his cell phone. One of the men asked John and Garland if they had called his wife a bitch, and John responded that "she had put [their] lives in danger, and that perhaps they should teach her how to drive." John remembers little after this, as one of the men hit him in the back of the head. John fell, cracking the self-checkout monitor and bloodying himself and the floor. The woman and the men left the store quickly.

The store manager called the police but John opted to go home. Once home, John had a seizure and then another on the way to the hospital. He was admitted to the hospital's intensive care unit. After his discharge he continued to suffer from headaches, memory loss, and partial facial paralysis.

Detective Steven Molde was assigned to the case. He took still photos from the Dillons surveillance video and sent them to other law enforcement officers. He testified that a detective and some officers recognized John's assailant from the photos as Brelen VonFange. Molde used that information to compile a photo array to present to three witnesses who saw the attack. The first witness did not identify VonFange in the photo array. Another witness, Alanna Bass, identified VonFange in the photo lineup as someone who looked familiar but she was unsure if she recognized him from the Dillons incident. At trial, however, Bass testified that she recognized VonFange in the elevator on the morning of trial and, after reviewing the surveillance tape, she was sure that VonFange was the man who had hit John. Garland was the third witness to whom Molde

2

showed the photo array, and he positively identified VonFange as the individual who had struck John at Dillons. He did the same at trial.

The jury convicted VonFange of one count of aggravated battery. The district court sentenced him to 24 months of probation with an underlying term of 29 months of imprisonment followed by 24 months of postrelease supervision. VonFange appeals, raising one evidentiary issue.

*Did the District Court Err by Admitting Certain Testimony from Detective Molde?*

VonFange contends that the district court erred by admitting certain testimony from Detective Molde. Molde testified that he sent still photos from the Dillons surveillance video to officers in the Wichita Police Department. He got "a couple of phone calls from a detective and some officers" identifying VonFange as a potential suspect. When VonFange objected at trial to this testimony as hearsay, the district court asked whether the State offered the statement to establish the truth of the matter asserted or, instead, to explain what Molde did during the investigation. The State replied that it was explaining Molde's process in compiling the photo lineup and the district court admitted the statement for that purpose. VonFange argues that Molde's statement was inadmissible hearsay that amounted to a backdoor identification by a detective and some officers that he could not challenge. He argues that the identification directly established his guilt so it should have been excluded from testimony at trial as hearsay.

*Standard of Review*

This court reviews a trial court's determination that hearsay is admissible under a statutory exception for an abuse of discretion, but it conducts a de novo review of whether the district court complied with statutory requirements for admitting evidence. *State v. Reed*, 302 Kan. 390, 401-02, 352 P.3d 1043 (2015); *State v. Miller*, 284 Kan.

682, 708, 163 P.3d 267 (2007). Neither party contends that a statutory exception to the hearsay rule applies—instead, the issue turns on the statutory definition of hearsay.

*Analysis*

Hearsay evidence is "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." K.S.A. 2018 Supp. 60-460. Hearsay evidence is inadmissible except through operation of an established exception. K.S.A. 2018 Supp. 60-460. "The theory behind the hearsay rule is that when a statement is offered as evidence of the truth of the matter stated, the credibility of the declarant is the basis for its reliability, and the declarant must therefore be subject to cross-examination." *State v. Becker*, 290 Kan. 842, 846, 235 P.3d 424 (2010) (citing *Boldridge v. State*, 289 Kan. 618, 634, 215 P.3d 585 [2009]).

But statements offered not to prove the truth of the matter asserted but for another reason are not hearsay. *Becker*, 290 Kan. at 846; *State v. Harris*, 259 Kan. 689, 698, 915 P.2d 758 (1996). Types of out-of-court statements that do not constitute hearsay under K.S.A. 2018 Supp. 60-460 because they were not used to prove the truth of the matter asserted include:

- Statements material to the case as part of an issue;
- statements comprising verbal parts of an act;
- statements used circumstantially to give rise to an indirect inference but not to prove the matter asserted;
- statements tending to show the defendant's state of mind; and
- statements offered only to explain a course of action in an investigation.

*Boldridge*, 289 Kan. at 634; *State v. Laubach*, 220 Kan. 679, 683, 556 P.2d 405 (1976).

4

Here, the district court properly determined that Molde's statements were not hearsay because they were offered only to explain a course of action in an investigation. Molde's statements described the process by which he put together the photo array that included VonFange, and the State did not use that statement further to prove VonFange's identification as the assailant. For example, the State did not use that testimony in its closing argument to convince the jury of VonFange's role in the altercation.

Instead, the State relied on the surveillance videos, cell phone videos, and Bass' and Garland's identifications of VonFange to establish that he was the assailant. Garland had the best view of the event and unequivocally identified VonFange in the photo array and at trial as the man who had hit John at the Dillions. Bass noted that VonFange looked familiar when she viewed the photo array, and then after riding in an elevator with him and reviewing the surveillance video of the incident at trial, she testified she was sure that VonFange was the individual who had hit John. And the jury saw the Dillons surveillance video and the cell phone video recorded by one of the other men, both of which showed the event from different angles.

We note that Detective Molde specifically identified four law enforcement officers by name in his affidavit who recognized VonFange and VonFange could have called them as witnesses or otherwise challenged the affidavit. Thus VonFange's assertion that he could not challenge this information is misplaced.

Because Molde's statement about the other officers' identification of VonFange from the surveillance video was not offered to prove that VonFange was the person who had assaulted John, the district court properly determined that the testimony was not hearsay. The district court complied with the statutory requirements for admitting evidence.

Affirmed.